James D. Westenhaver and Mary H. Westenhaver v. Commissioner.
Westenhaver v. Commissioner
Docket No. 506.
United States Tax Court
1944 Tax Ct. Memo LEXIS 378; 3 T.C.M. (CCH) 99; T.C.M. (RIA) 44029; February 7, 1944
*378 Charles D. Sanger, Jr., Esq., for the petitioners. E. M. Woolf, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This is a proceeding for the redetermination of a deficiency in income tax for 1941 in the amount of $96.00. The only question in issue is whether the petitioners are entitled to deduct from gross income a debt which was claimed to have become worthless in 1941 in the amount of $1,000. [The Facts] The petitioners are husband and wife and residents of Washington, D.C. They filed a joint income tax return for the calendar year 1941 with the collector of internal revenue for the district of Maryland. The wife will hereinafter be referred to as petitioner. In 1926 the petitioner loaned to her brother, who owned a wheat farm in Texas, $1,000 with interest at six percent. The loan was payable within one year. Due to a crop failure neither interest nor principal was paid at the time the note became due. The petitioner's brother, F. J. Hudgel, was unable to pay the note by reason of a succession of crop failures and a renewal of the note was given each year up to 1938. Hudgel lost his farm in 1935 but succeeded in renting another farm on which the principal *379 crop was wheat. Hudgel's last renewal note was dated January 10, 1938, payable with interest sixty days from date. It was signed by both F. J. Hudgel and his wife. Crop failures continued and Hudgel was not able to pay the note or the interest. He finally quit farming in 1941 and thereafter worked at odd jobs in or about Pampa, Texas. In the joint return filed by the petitioner and her husband for 1941 a deduction of $1,000 was claimed on the note. This was disallowed by the respondent in the determination of the deficiency for the reason stated in the deficiency notice that: "* * * it is apparent it was known definitely that the note could not be collected long prior to 1941, therefore the deduction was properly disallowed on your 1941 return and the tax deficiency is properly due." The applicable provision of the taxing statute is section 23 (k) of the Internal Revenue Code, as amended by the Revenue Act of 1942. As amended the subdivision reads in material part as follows.. (k) Bad Debts. - (l) General Rule. - Debts which become worthless within the taxable year; * * * The change effected by the Revenue Act of 1942 to section 23 (k) of the Internal Revenue Code makes the *380 deduction of a bad debt turn upon the point of the year in which the debt became worthless and not in the year of the ascertainment of worthlessness. The question here is whether there was any happening or event in 1941 which shows that the debt became worthless in that year. The evidence is to the effect that in that year the maker of the note due to a succession of crop failures had to give up wheat farming. The petitioner had every confidence up to that time that her brother would pay her the $1,000 which he owed her if at any time he could make a good crop. We think that the evidence satisfactorily shows that the debt became worthless in the year 1941. The action of the respondent in disallowing the deduction is reversed. Decision of no deficiency will be entered.